EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
Eric Danoff (State Bar #60915)
Katharine Essick (State Bar #219426)
49 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-227-9455
Facsimile: 415-227-4255
E-Mail: edanoff@edptlaw.com
kessick@edptlaw.com

Attorneys for Plaintiff
CAI International, Inc.

FILED 2011 MAY 17 A 11: 24
RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

CW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CAI INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH ATLANTIC CONTAINER LINES LTD., MARUBA S.C.A. EMPRESA DE NAVEGACION MARITIMA; and EMPRESA DE NAVEGACION MARUBA S.A.,<br><br>Defendants. | Case No.: CV 11 2403<br><br>**COMPLAINT FOR BREACH OF MARITIME CONTRACTS AND FOR DAMAGES**<br><br>IN ADMIRALTY |
|---|---|

Plaintiff CAI International, Inc. ("CAI") alleges its Complaint against defendants South Atlantic Container Lines Ltd. ("SACL"), Maruba S.C.A. Empresa De Navegacion Maritima ("Maruba SCA"), and Empresa de Navegacion Maruba S.A. ("Empresa Maruba") as follows. Maruba SCA and Empresa Maruba are collectively referred to in this Complaint as "Guarantors."

///

## GENERAL ALLEGATIONS

1. (Jurisdiction.) This Court has admiralty and maritime jurisdiction over this action pursuant to 28 U.S.C. §1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. In the alternative this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332, in that the amount in controversy, exclusive of interest and costs, exceeds $75,000, and complete diversity exists between the parties.

2. (Intradistrict Assignment.) This case should be assigned to the San Francisco Division because the principal place of business of CAI is San Francisco, California and because the parties have contractually agreed to jurisdiction and venue in San Francisco.

3. Plaintiff CAI is a Delaware corporation with its principal place of business in San Francisco, California, and for relevant purposes is the successor in interest to Container Applications International, Inc. Among other business activities, CAI owns and leases out intermodal cargo containers.

4. Defendant SACL is and at all material times was a Cayman Islands corporation with its principal place of business in Montevideo, Uruguay. Among other business activities, SACL is engaged in the ocean transportation of cargo, and for that purpose is a lessee of intermodal cargo containers.

5. Defendant Maruba SCL is and at all relevant times was an Argentine corporation with its principal place of business in Buenos Aires, Argentina.

6. Defendant Empresa Maruba is and at all relevant times was an Argentine corporation with its principal place of business in Buenos Aires, Argentina.

7. During all relevant times each Defendant was the agent or servant of the other Defendant in doing the acts alleged in this Complaint, and each of the Defendants is liable to CAI, jointly and severally.

8. CAI and SACL are parties to written agreements for the lease of containers from CAI to SACL. These agreements include: (A) Master Lease Agreement, dated May 1, 2005, designated MARB-102; (B) Long Term Agreement, dated November 1, 2008, designated

EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

MARB-002, as amended by Addendum Number One, dated December 15, 2008; and (C) Long Term/Purchase Option Agreement, dated August 8, 2009, designated MARB-550. These agreements are collectively referred to in this Complaint as the "Lease Agreements."

9. Guarantors and CAI entered into written agreements whereby Guarantors and each of them guaranteed to CAI the debts and obligations of SACL under the Lease Agreements. These agreements include: (A) Master Lease Agreement, dated May 1, 2005, MARB 102, Exhibit C, from Maruba SCA to CAI; and (B) Amended and Restated Guaranty, dated August 1, 2009, from Maruba SCA and Empresa Maruba to CAI. These agreements are collectively referred to in this Complaint as the Guaranty Agreements.

10. Pursuant to the Lease Agreements, CAI from time to time provided containers to SACL, which used the containers for business purposes.

11. Because SACL defaulted in its obligations under the Lease Agreements, CAI gave notice to SACL and to Guarantors of default and of termination of the Lease Agreements, which notice included but is not limited to a letter from CAI to SACL and Guarantors dated March 14, 2011, subject to CAI's rights and remedies under the Lease Agreements and the Guaranty Agreements.

12. SACL nevertheless remains in default and has continued to retain certain of the containers that CAI provided under the Lease Agreements, and has not notified CAI of the exact locations of these containers.

**FIRST CAUSE OF ACTION**

**(Against SACL, for Leasing Charges)**

13. CAI incorporates the allegations of paragraphs 1 through 12.

14. Under the Lease Agreements, SACL was required to pay CAI specified container rental charges, handling charges, drop-off charges, and other charges (collectively, the "Leasing Charges"). SACL has failed to pay all the Leasing Charges owed to CAI under the Lease Agreements.

15. The amount of Leasing Charges due from SACL to CAI under the Lease Agreements totaled at least $8,232,306.84 (including interest) as of May 13, 2011. Such charges



EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

will continue to accrue until all the containers are properly returned to CAI as the Lease Agreements require.

16. SACL is therefore liable to CAI for the Leasing Charges in the amount of at least $8,232,306.84 as of May 13, 2011, plus future Leasing Charges that will accrue until all the containers are properly returned to CAI as the Lease Agreements require.

**SECOND CAUSE OF ACTION**

**(Against SACL, for the Replacement Value of Unreturned Containers)**

17. CAI incorporates the allegations of paragraphs 1 through 12.

18. Upon termination of the Lease Agreements due to default, SACL had the duty to return all the containers to CAI in as good condition and repair as when provided to SACL, normal wear and deterioration excepted. If any of the containers was not returned to CAI within 20 days, then SACL was obligated to pay CAI the specified Casualty Value of each such unreturned container. SACL also had a duty to immediately notify CAI of the exact locations of the containers.

19. As of May 13, 2011, SACL had not returned to CAI a total of 2474 containers that SACL had received under the Lease Agreements. The total Casualty Value for the unreturned containers as of May 13, 2011, was $6,546,050. CAI seeks leave to amend the Complaint at trial to specify the Casualty Value then owing. SACL also failed to immediately notify CAI of the exact locations of the containers.

20. SACL is therefore liable to CAI for the Casualty Value of all unreturned containers, in an amount to be determined.

**THIRD CAUSE OF ACTION**

**(Against SACL, For Liquidated Damages and for Repair Costs for Returned Containers)**

21. CAI incorporates the allegations of paragraphs 1 through 12.

22. Upon termination of the Lease Agreements due to default, SACL had the duty to return all the containers to CAI in as good condition and repair as when provided to SACL, normal wear and deterioration excepted.

23. For each returned container, SACL was obligated to pay CAI, in addition to the

EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

container rent and other charges due under the Lease Agreements: (a) a liquidated damages charge equivalent to three months rent (the "Liquidated Damages") to compensate CAI for the estimated time and expense required to locate a new lessee for the container, and (b) the repair cost for any damaged container.

24. SACL has returned to CAI certain containers that SACL had received under the Lease Agreements. The Liquidated Damages owing for these containers as of May 13, 2011, was $33,416.10. CAI seeks leave to amend the Complaint at trial to specify the amount then owing for Liquidated Damages and repair costs.

25. SACL is therefore liable to CAI for Liquidated Damages and for repair costs for returned containers, in an amount to be determined.

**FOURTH CAUSE OF ACTIONS**

**(Against Guarantors, for Breach of the Guaranty Agreements)**

26. CAI incorporates the allegations of paragraphs 1 through 25.

27. In the Guaranty Agreements, Guarantors jointly and severally guaranteed to CAI the debts and obligations of SACL under the Lease Agreements. SACL has incurred debts and obligations to CAI under the Lease Agreements, as described in the foregoing paragraphs.

28. Despite CAI's due demand to Guarantors, Guarantors in breach of the Guaranty Agreements have failed to pay CAI the debts of obligations of SACL under the Lease Agreements, and also failed to immediately notify CAI of the exact locations of the unreturned containers.

29. Guarantors therefore are liable, jointly and severally, to pay CAI for the Leasing Charges, Casualty Value of unreturned containers, Liquidated Damages for returned containers, repair costs of returned containers, and the other debts and obligations of SACL under the Lease Agreements, including but not limited to immediately notifying CAI of the exact locations of the unreturned containers.

WHEREFORE plaintiff CAI prays for judgment against Defendants and each of them as follows:

1. Against SACL, for damages for breach of the Lease Agreements:

EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

(a) at least $8,232,306.84 for Leasing Charges as of May 13, 2011, plus Leasing Charges accruing thereafter; (b) the Casualty Value for unreturned containers, in the amount of $6,546,050.00 as of May 13, 2011; (c) Liquidated Damages for returned containers, in the amount of $33,416.10 as of May 13, 2011; (d) repair costs for returned containers; (e) for such other or additional charges as may be due under the Lease Agreements; and (f) damages caused by the failure to immediately notify CAI of the exact locations of the unreturned containers.

2. Against Guarantors and each of them, for damages for breach of the Guaranty Agreements: (a) at least $8,232,306.84 for Leasing Charges as of May 13, 2011, plus Leasing Charges accruing thereafter; (b) the Casualty Value for unreturned containers in the amount of $6,546,050.00 as of May 13, 2011; (c) Liquidated Damages for returned containers, in the amount of $33,416.10 as of May 13, 2011; (d) repair costs for returned containers; (e) for such other or additional charges as may be due under the Lease Agreements; and (f) damages caused by the failure to immediately notify CAI of the exact locations of the unreturned containers.

3. Against SACL and against Guarantors and each of them, compelling them to notify CAI of the exact locations of the unreturned containers.

4. For prejudgment interest on all amounts due from SACL and from Guarantors, from the date such amounts became due;

5. For CAI's attorney fees and costs incurred in this action; and

6. For such other relief as the Court may deem proper.

Dated: May 17, 2011

EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
Eric Danoff
Katharine Essick

By [signature]
Eric Danoff
Attorneys for Plaintiff
CAI International, Inc.



EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105